CLERK'S COPY

FILED
AT ALBUQUERQUE NM

APR 21 1999

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONY JACKSON,

    Plaintiffs,

v.    No. CIV-99-0357 LH/LCS

JOHN DANTIS,
BERNALILLO COUNTY DETENTION
CENTER MEDICAL DEPARTMENT,
DAVID ROYSTON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se, and he has moved for leave to proceed in forma pauperis (IFP). The IFP motion will be granted, and, for the reasons below, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff broke his finger while incarcerated at the Bernalillo County Detention Center, and medical staff misdiagnosed the break as merely a bruise. Defendants did not take an x-ray for two weeks, and Plaintiff was required to continue on his work detail without a cast on his finger. The complaint seeks damages.

One of the "core" concerns of the Eighth Amendment is inmate access to necessary medical care. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). In a § 1983 action for damages or injunctive relief, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." *Id.* at 575 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by...denying or delaying access to medical care." *Estelle*, 429 U.S. at 104. To articulate an Eighth Amendment cause of action premised on an allegation that Defendants were deliberately indifferent to his serious medical needs, Plaintiff must allege both that the pain or deprivation he suffered was sufficiently serious and that the Defendants acted with a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991) (citation omitted).

Plaintiff's claim that Defendants failed to diagnose and treat his broken finger does not implicate any of the concerns of the United States Constitution. Nothing less than the "'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's allegations may support a claim for medical malpractice but not for

violation of Plaintiff's right to be free from cruel or unusual punishment under the Eighth Amendment.

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *cf. Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted; an order of DISMISSAL shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE